IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**AMY R. RHOE,**
**Petitioner Below, Petitioner**

**FILED**
**February 27, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-100**       (Bd. of Review No. 22-BOR-2512)

**WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES,**
**BUREAU FOR SOCIAL SERVICES,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Amy R. Rhoe appeals the February 3, 2023, decision of the West Virginia Department of Health and Human Resources' Board of Review ("Board"). Respondent West Virginia Department of Health and Human Resources, Bureau for Social Services ("DHHR") filed its response.[1] Ms. Rhoe filed a reply. The issue on appeal is whether the Board erred in upholding the DHHR's October 19, 2022, termination of Ms. Rhoe's Supplemental Nutritional Assistance Program ("SNAP") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Rhoe was a SNAP benefits recipient with a 24-month recertification period due because she was considered elderly and/or disabled.[2] As such, Ms. Rhoe was required to complete and return an Interim Contact Report Form ("PRC-2") during the twelfth month of her 24-month recertification period in order to continue receiving benefits. On September 12, 2022, the DHHR sent Ms. Rhoe a PRC-2 form to her listed post office box

---

[1] Ms. Rhoe is self-represented. The DHHR is represented by Patrick Morrisey, Esq., and Randy K. Miller, Esq.

[2] Below, a DHHR representative acknowledged that Ms. Rhoe was considered elderly for the purposes of the recertification period. While Ms. Rhoe argues that she is disabled, the record is unclear as to whether she is disabled for the purposes of the recertification period, nor does it seem to be relevant to that issue since she qualifies for the extended period due to her age.

in Maryland with instructions to complete the form and return it by October 2, 2022. On October 5, 2022, the DHHR sent Ms. Rhoe a "10 Day Notice of Not Returning the Interim Contact Report Form" instructing her to complete and return the form within 10 days or else her SNAP benefits would be terminated. On October 19, 2022, the DHHR sent Ms. Rhoe a notice of the closure of her SNAP benefits, which would terminate at the end of October of 2022.

Ms. Rhoe attempted to submit her PRC-2 to her local DHHR office on November 8, 2022, but was unsuccessful due to the election holiday. Ms. Rhoe returned on November 9, 2022, and submitted the form. However, the DHHR did not process the form and told Ms. Rhoe that, per policy guidance, she would have to reapply for her SNAP benefits. Ms. Rhoe filed a request for a pre-hearing conference, which was unsuccessful. Thereafter, she requested a fair hearing, which was scheduled for December 13, 2022. On December 9, 2022, Ms. Rhoe requested a continuance, which was granted, and the hearing was rescheduled for January 31, 2023.

The fair hearing commenced on January 31, 2023. Peter VanKleeck, a family support supervisor, appeared on behalf of the DHHR. Mr. VanKleeck explained the circumstances leading to the termination of Ms. Rhoe's SNAP benefits, including the DHHR's having mailed Ms. Rhoe the PRC-2 with instructions to complete it by October 2, 2022, and the 10-day notice with instructions to complete the form and return it within 10 days. Mr. VanKleeck acknowledged that Ms. Rhoe had filed the form on November 9, 2022, but stated that the DHHR was unable to process the form per regulations from the Food and Nutrition Services of the U.S. Department of Agriculture and West Virginia Income Maintenance Manual ("IMM") Chapters 1.4.1D and 10.4.2D. Mr. VanKleeck explained that the DHHR's position was that Ms. Rhoe would have to reapply for benefits and that it could not accommodate her request for an exception to her late-filed form.

Ms. Rhoe claimed that the reason she did not file her form on time was because she had been unable to check her mailbox due to things such as age, illnesses, and disabilities. Ms. Rhoe provided a narrative of her medical history, claimed to have problems with her West Virginia post office box,[3] and questioned the legality of the policies in place. Ms. Rhoe argued that reasonable accommodations should be made for "people who are not in the mainstream" and that the DHHR should have some flexibility in allowing Ms. Rhoe to complete her PRC-2 and restart her benefits.

By decision dated February 3, 2023, the Board upheld the DHHR's decision to terminate Ms. Rhoe's SNAP benefits. The Board found that Ms. Rhoe had "ample" notice that her SNAP benefits would be suspended if she did not file a completed PRC-2 before October 31, 2022, but that she failed to return the form until November 9, 2022. The Board

---

[3] However, Ms. Rhoe acknowledged that she was receiving mail at her Maryland post office box during the relevant period.

found that although Ms. Rhoe had health issues that complicated her activities, no evidence had been presented that she was unable to retrieve her mail between September 12, 2022, and October 19, 2022. The Board noted that state and federal regulations mandate that SNAP recipients certified for twenty-four months complete a PRC-2 by the twelfth month and that failure to return the form prior to the end of the twelfth month results in case closure. The Board found that, once a case is closed, a PRC-2 cannot be processed, and a new application must be completed in order to receive SNAP benefits. The Board concluded that it lacked the authority to change this policy or meet Ms. Rhoe's request for an "accommodation" to the policy. Accordingly, the Board found that the DHHR properly closed Ms. Rhoe's SNAP benefits case based on her failure to timely submit her PRC-2. Ms. Rhoe now appeals.

This appeal is governed by the following standard of review:

The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the agency;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021); *accord* W. Va. Code § 16-1-22a(c) (2023) (designating West Virginia Code § 29A-5-4 as governing standard of review for Board of Review appeals); W. Va. Code § 9-2-13 (2018) (a person has right to appeal Board of Review decision to court designated under West Virginia Code § 9-2-13(j)).[4]

---

[4] This Court notes that West Virginia Code § 9-2-13 has been repealed effective May 23, 2023, but was in effect at the time of the underlying events and proceedings below and is thus the applicable statute in this case.

The crux of Ms. Rhoe's argument is that she believes the Board erred in upholding the closure of her SNAP benefits.[5] Ms. Rhoe argues that she should have been given an exception to the filing deadline due to a myriad of reasons (unreliable mail, illness, and disability) and claims that she could not have been late to filing PRC-2 when she was not even aware that it was due. Ms. Rhoe also argues that rigorously enforcing a policy, such as the deadline at issue here, without exception is illegal, unconstitutional, and discriminatory. Ms. Rhoe argues the DHHR's position that she reapply for SNAP benefits, rather than accepting her late filing, is arbitrary and that, had she been provided an accommodation or had some discretion been applied to the situation, this matter would have been easily resolved. Ms. Rhoe argues that if forced to file a new application, there is no guarantee that she will receive SNAP benefits again. Ms. Rhoe claims that reinstatement of her benefits is permitted by the IMM and that the DHHR has singled out elderly and disabled recipients, such as Ms. Rhoe, by requiring that they file a new application. Ms. Rhoe believes she is entitled to some flexibility in filing her PRC-2, especially given the COVID-19 pandemic.

Upon review, we find no error in the Board's decision. Per the Code of Federal Regulations, elderly or disabled SNAP beneficiaries may be certified for the benefits for periods lasting between thirteen and twenty-four months. Here, Ms. Rhoe was certified for twenty-four months. These regulations provide that such beneficiaries must file a periodic report (here, the PRC-2) once a year. 7 C.F.R. § 273.12(a)(5)(iii)(B). If a beneficiary fails to file a completed periodic report by the specified filing date, the State agency shall provide the beneficiary with a reminder advising the beneficiary that he or she has 10 days to file a completed periodic report. 7 C.F.R. § 273.12(a)(5)(iii)(E). Critically, if a beneficiary "does not respond to the reminder notice, the [beneficiary's] participation *shall* be terminated." *Id.* (Emphasis added). Pursuant to IMM Chapter 10.4.2.D, if the PRC-2 is returned late, the beneficiary "must reapply for SNAP."

Here, the Board found that Ms. Rhoe had sufficient notice that her SNAP benefits would be terminated unless her PRC-2 form was completed and returned. Although Ms. Rhoe claimed that she had been unable to retrieve her mail, the Board found that she presented no evidence in support of this assertion. In fact, Ms. Rhoe admitted during the proceedings below that she designated her Maryland post office box is the address at which she received her mail, and there is nothing in the record to suggest that Ms. Rhoe notified the DHHR that she was not receiving mail at her listed post office box. Ultimately, the

---

[5] Ms. Rhoe references issues such as separation of powers, discrimination, and lack of adequate assistance in preparing for her fair hearing. However, her statements regarding these alleged errors are unsupported, both in fact and law, and, quite simply, are predicated upon a complete misunderstanding of the underlying proceedings. Ultimately, for the reasons set forth more fully above, we find that the Board did not err in upholding the termination of Ms. Rhoe's SNAP benefits and, like the Board, focus our analysis on this issue.

Board concluded that per 7 C.F.R. § 273.12(a)(5)(iii)(E) and the IMM, a state agency shall terminate a beneficiary's participation in the benefits program if he or she does not respond to the reminder notice and once benefits have been closed due to a beneficiary's failure to timely file the PRC-2, a new application for SNAP benefits must be filed.

Upon review, we conclude that Ms. Rhoe has failed to demonstrate that the Board erred in finding that the DHHR properly closed Ms. Rhoe's SNAP benefits. Both federal and state regulations dictate that upon Ms. Rhoe's failure to timely file her PRC-2, her benefits would terminate. Ms. Rhoe has failed to adequately establish that she was entitled to an accommodation to this requirement. We find no clear error in the Board's order and give deference to its findings. *See* Syl. Pt. 1, in part, *Muscatell v. Cline*, 196 W. Va. 588, 590, 474 S.E.2d 518, 520 (1996) ("findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong."). Given the foregoing, we conclude that the Board's decision to uphold the DHHR's closure of Ms. Rhoe's SNAP benefits is supported by the evidence. Finding no error, we affirm the Board's February 3, 2023, order.

Affirmed.

**ISSUED:** February 27, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

5